IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DOUGLAS COLLINS<br>TDCJ # 00298978,<br><br>    Plaintiff,<br><br>VS.<br><br>DEBORAH L. SCHUBERT,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§    CIVIL ACTION NO. 4:19-4017<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Douglas Collins, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), proceeds *pro se* and *in forma pauperis*. Because the plaintiff is incarcerated, this case is governed by the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915, which requires the Court to dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings as required, the Court concludes that this case must be **DISMISSED** for reasons that follow.

**I.    BACKGROUND**

Collins is incarcerated at the Wallace Pack Unit. He brings suit against Deborah Schubert, the kitchen captain at the Pack Unit, for violation of his Fourteenth Amendment right to equal protection of the laws. Collins states that on June 11, 2019, Schubert "put on the schedule" that fried chicken would be served to inmates on June 12,

2019 (Dkt. 1, at 4). However, he alleges that on June 12, "only staff got to eat" the fried chicken. He states that Schubert told him that the fried chicken would be "moved to the next holiday," which was June 19, 2019 (*id.* at 4, 7).

Collins alleges that on June 19, "we were locked down for shake-down and the staff [e]njoyed fried chicken and we got chicken patties" (*id.* at 7). He claims that as of the date he signed his complaint, October 8, 2019, no inmate at the Pack Unit had received fried chicken (*id.* at 4, 7, 9). He also alleges that "all the other inmates in TDCJ got fried chicken" and that his equal protection rights were violated (*id.* at 7). He references the Juneteenth holiday. *See id.* at 9 ("I have a right to what the other inmates got on the only black holiday in Texas. It took two and a half years for blacks in Texas to learn they were free and we on Wallace Pack still are waiting to get our meal").

Collins claims that the "government and taxpayers" gave TDCJ funds to feed inmates, not staff (*id.* at 4), and that TDCJ policy requires staff to eat what inmates eat (*id.* at 7). He appears to allege that someone is selling the food to the staff. *See id.* ("The government and taxpayer[s] pa[i]d for the food for us, that is being re-sold to staff and we can only dream about our food"). Finally, he alleges generally that officers at the Pack Unit are not truthful. *See id.* at 4 ("Judge Keith P. Ellison has just about impeached all the staff on this unit because they lie"). This statement apparently refers to *Cole v. Collier*, Civil Action No. 4:14-cv-1698, a separate lawsuit before Judge Ellison in which plaintiffs from the Pack Unit brought claims about excessive heat.

Collins submits his administrative grievances against Schubert regarding the events relevant to his claim. At Step One of the process, prison officials denied his

grievance on June 28, 2019, stating that the menu changed on June 12 because the chicken had been thawed out on and had to be cooked:

> Your grievance has been received and investigated. Per Food Service on 6/12/19 the [officers' dining room] was served fried chicken due [to the fact that] it was already thawed out and had to be cooked. The general population menu was changed to chicken patties so that fried chicken could be served for the holiday meal on 6/19/19. No further action warranted at this time.

(*id*. at 13). Collins then submitted a Step Two grievance, protesting that "Schubert lied" and that the inmates had not received fried chicken on June 19 "because we were locked-down for shake-down and we got chicken on [] 6/28/2019 for the June 19 black holiday but it was not fried" (*id*. at 10). He claimed the right to be treated like other prisoners in TDCJ (*id*.). Prison officials denied the Step Two grievance (*id*. at 11).

## II.     **THE PLRA AND PRO SE PLEADINGS**

Plaintiff brings his claims under 42 U.S.C. § 1983. The Court is required by the PLRA to scrutinize the claims and dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)); *see* 42 U.S.C. § 1997e(c)(1).

In reviewing the pleadings and litigation history, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the

elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). Regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

A claim is frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). It lacks an arguable basis in law "if it is based on an indisputably meritless legal theory." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (internal quotation marks and citation omitted). It lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* (internal quotation marks and citation omitted).

A dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Rogers*, 709 F.3d at 407. When considering whether the plaintiff has adequately stated a claim upon which relief can be granted, the court examines whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the

complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (internal citations and quotation marks omitted).

Additionally, federal statute bars suits by prisoners that seek to recover for "mental or emotional injury" if the prisoner has not previously shown a physical injury or a sexual act. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18").

### III. DISCUSSION

Plaintiff brings his claims under 42 U.S.C. § 1983, which provides a vehicle for a claim against a person "acting under color of state law," such as a prison official, for a constitutional violation. *See Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016); *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002). He alleges that Schubert violated the Fourteenth Amendment's guarantee of equal protection of the laws.

The Equal Protection Clause of the Fourteenth Amendment "commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 353 (5th Cir. 2017) (internal quotation marks and citations omitted); *see Wood v. Collier*, 836 F.3d 534, 538 (5th Cir. 2016). To establish an Equal Protection Clause violation, a plaintiff must prove "purposeful discrimination resulting in a discriminatory effect among persons similarly situated." *Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017) (internal quotation marks and citation

omitted); *Baranowski v. Hart*, 486 F.3d 112, 123 (5th Cir. 2007). A plaintiff must first demonstrate that "two or more classifications of similarly situated persons were treated differently." *Duarte*, 858 F.3d at 353 (internal quotation marks and citations omitted). If a suspect class (such as race or religion) or a fundamental right is implicated, the courts apply "strict scrutiny." *Id.* at 353-54. If not, the courts apply "rational basis review," and will uphold the classification if it bears a "rational relation to a legitimate governmental purpose." *Id.* at 354. The Equal Protection Clause "does not require that all persons be dealt with identically, but it does require that a distinction made have some relevance to the purpose for which the classification is made." *Wood*, 836 F.3d at 538-39 (internal quotation marks and citation omitted).

A "class of one" claim for equal protection alleges differential treatment that is not based on membership in a suspect class or on the infringement of a fundamental right. *See Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 594 (2008); *Wood*, 836 F.3d at 539. Such a claim requires the plaintiff to show that "(1) he or she was intentionally treated differently from others similarly situated and (2) there was no rational basis for the difference in treatment." *Id.* (internal quotation marks and citation omitted).

Liberally construing Collins's pleadings, he alleges in this lawsuit that Schubert, the kitchen captain at the Pack Unit and the sole Defendant in this case, discriminated against Pack Unit inmates when she did not serve fried chicken. In particular, he claims that he and all other inmates at the Pack Unit did not receive fried chicken between June 12 and October 8, 2019, instead receiving only chicken patties on June 19 and chicken on June 28 that was "for the June 19 black holiday but . . . was not fried" (Dkt 1, at 7, 10).

He claims that Pack Unit inmates were treated differently from other TDCJ inmates (Dkt. 1, at 7).

Collins's allegation does not implicate membership in a suspect class or a fundamental right protected by the Constitution. Therefore, to the extent equal protection standards are properly applied to his claim,[1] the deferential "rational basis" standard of review would apply. *See Wood*, 836 F.3d at 539. In any event, Collins fails to plead facts supporting the elements of an equal protection claim because he does not identify any individuals or groups that received superior treatment from Schubert. *See Butts*, 877 F.3d at 590. To the contrary, he states that Schubert was the kitchen captain for the Pack Unit, and does not allege that she had authority over other units. Additionally, although Collins asserts that "all the other inmates in TDCJ got fried chicken" (Dkt. 1, at 7), this conclusory assertion is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678. Even assuming that Collins is correct that every other TDCJ unit served fried chicken in the

---

[1] Collins's allegations are not the type of claim normally considered under equal protection law, which "has typically been concerned with governmental classifications that affect some groups of citizens different than others." *Engquist*, 553 U.S. at 601 (internal quotation marks and citation omitted). Additionally, it appears that Schubert's position as kitchen captain would necessarily permit her some discretion in making decisions about what food to serve to Pack Unit inmates on a particular day and whether last-minute menu changes were warranted. As the Supreme Court noted in *Engquist* when considering a "class of one" claim in the public employment context, an equal protection analysis is not easily applied when the challenged state action necessarily involves discretionary decision-making by the state actor:

> There are some forms of state action, however, which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted.

*Id.* at 603 (rejecting a public employee's "class of one" claim that her employment termination violated Equal Protection Clause).

relevant time period, he alleges no specific facts that could demonstrate that the Pack Unit inmates were "similarly situated" to the inmates in other TDCJ units. *See Duarte*, 858 F.3d at 353. For example, he presents no facts regarding when inmates at any other unit received fried chicken. He also presents no facts that could support a showing that, on the dates when inmates in other units received fried chicken, they were similarly situated to the Pack Unit inmates on June 12 and 28 when Schubert allegedly failed to serve fried chicken. *See Rountree v. Dyson*, 892 F.3d 681, 685 (5th Cir. 2018) ("An allegation that others are treated differently, without more, is merely a legal conclusion that we are not required to credit"). Taking all of Collins' allegations as true, his allegation that Pack Unit inmates did not receive fried chicken between June and October 2019, without more, fails to state an equal protection claim.

Finally, to the extent Collins brings an equal protection claim regarding how taxpayer or government money is spent by TDCJ, § 1983 and the Fourteenth Amendment do not afford him a private right of action to pursue such a claim.

Plaintiff's equal protection claim will be dismissed under 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b) for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons stated above the Court **ORDERS** that:

1. The complaint (Dkt. 1) under 42 U.S.C. § 1983 filed by Douglas Collins is **DISMISSED** under 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b) for failure to state a claim upon which relief can be granted.

2. All pending motions, if any, are **DENIED as moot**.

The Clerk will provide a copy of this order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at **Three_Strikes@txs.uscourts.gov**.

SIGNED this day 23rd day of December, 2019.

_____
George C. Hanks Jr.
United States District Judge